IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAWRENCE WALLS,

                Petitioner,           Case No. 3:04 CV 7352

-vs-

                                            MEMORANDUM OPINION

KELLEH KONTEH,

                Respondent.

KATZ, J.

       Pending before this Court is the Report and Recommendation ("R & R") of Magistrate Judge Kenneth S. McHargh filed July 18, 2005 (Doc. No. 15), as to which Petitioner, Lawrence Walls ("Walls" or "Petitioner") filed objections (Doc. No. 18) and Respondent, Kelleh Konteh, ("Konteh" or "Warden") has filed an opposition to those objections (Doc. 21). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate Judge's findings.

       This case involves Walls petition for a writ of habeas corpus regarding his 2001 convictions for aggravated robber, aggravated burglary, and robbery in the Lucas County Ohio Court of Common Pleas. The Respondent is the Warden of the Toledo Correctional Institution. The petition is based on the single assertion of Walls being placed twice in jeopardy in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution. In his exceptionally well-reasoned R & R the Magistrate Judge concluded as follows:

> The state court rulings on the double jeopardy issue involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States. Walls was tried a second time in violation of the Double

>  Jeopardy Clause of the U. S. Constitution. The petition for a writ of habeas corpus should be granted.

® & R p. 26)

It must be said at the outset that no judge finds gratification in determining that the actions of another judicial officer are inappropriate, particularly under the circumstances of this particular case. No one suggests that Judge Charles Wittenberg of the Common Pleas Court of Lucas County, Ohio acted irresponsibly or in a non-judicious manner. But because he failed to consider reasonably available alternatives to a mistrial and subsequently tried the Defendant/Petitioner a second time, he violated Walls' Fifth Amendment rights against twice being placed in jeopardy on the same charges. Therefore, the Court will adopt the recommendations of Magistrate Judge McHargh and direct that a writ of habeas corpus issue.

## **DISCUSSION**

The circumstances involved in this case arise out of a trial on September 11, 2001, a date which no American will ever forget as it involved terrorist bombings of the World Trade Center in New York, the Pentagon building in Washington, D.C., and an aborted attempt elsewhere which resulted in the crash of a large passenger airplane in Pennsylvania. When the facts of the terrorist activities were brought to the attention of Judge Wittenberg on the morning of September 11th, the trial of Walls was in its closing stages; the Defendant Walls had rested and it appeared that the state prosecutor was about to call a rebuttal witness or witnesses. The trial at that point ended abruptly, and Judge Wittenberg sent the jurors home with instructions to call the courthouse to determine when they would return and defense counsel had returned to his office. Judge Wittenberg was concerned that the uncertainty of the day and the possibility of additional events would militate against reopening the courthouse the following day (it was closed on September

11th in the late morning) and this would not would permit the trial to continue. Against that backdrop, Judge Wittenberg determined to declare a mistrial. The prosecutor was called to his office and defense counsel for Walls was on the telephone. The judge informed the attorneys that he had determined to declare a mistrial, as to which defense counsel "weakly" responded with an objection on behalf of Defendant Walls. The State took no position with regard to the declaration of a mistrial. The determination to declare a mistrial was made *sua sponte* by Judge Wittenberg, who was concerned with getting a message on the recorder in the courthouse to inform the jurors as to when they would be required to return to the courthouse for the completion of the trial. No determination was made through voir dire of the individual jurors whether they would be able to concentrate on and participate in the trial after the disaster of September 11th. Thus, there was no evidence that the jurors would be unable to continue to perform their duty.

There were several alternatives available to the Judge, including, but not limited to, those discussed by the Magistrate Judge, which the trial court could have undertaken to avoid a mistrial or at least to investigate as to whether a mistrial was necessary. Not only could he have called the jurors back the next day and conducted voir dire to determine their ability to continue, he could have placed a message on the court telephones that the jurors should phone in on a daily basis to determine when they would be returning to the courthouse. Alternatively, because of the relatively small number of people involved, the Court Administrator or other administrative personnel could have undertaken to call the individual jurors back into service when court activities resumed after September 11. Other cases in trial in the Lucas County Courthouse on September 11th continued on the subsequent days.

3

While the foregoing is now stated in the light of hindsight, there is a heavy burden upon the trial judge to determine alternatives to a mistrial and the possibility of thus placing a defendant twice in jeopardy. It is abundantly clear, as stated at page 6 of the objections of Walls, that no one, including this Court, suggests or has suggested that Judge Wittenberg behaved irrationally or irresponsibly. However, the very advanced stage of the trial proceedings in the Walls case would clearly have made it relatively easy to complete the trial at a later date had a mistrial not been declared, and there is nothing in the record which suggests that an effort was made to determine whether a fair trial was no longer possible. The case law reviewed and cited by Magistrate Judge McHargh and by Walls in his response to the objections of the Respondent, clearly demand that the trial court must find "manifest necessity" to declare a mistrial under the circumstances of this case and thus avoid the double jeopardy issue. The failure to explore alternatives to the declaration of a mistrial in this, a criminal case in the last stages of trial, appears to this Court to be inconsistent with the concept of "manifest necessity". Courts both outside of this Circuit and Sixth Circuit precedent appear to require an exploration into viable alternatives to a mistrial before making a determination that manifest necessity warranted the declaration of a mistrial. The deposition testimony of Judge Wittenberg acknowledges that, with the benefit of hindsight, alternatives were available. Additionally, he made no finding on the record that a fair trial was no longer possible. The Court agrees with counsel for Walls that while unfortunate, Judge Wittenberg acted hastily under the pressures of September 11, 2001.

The Court has reviewed the objections of the Respondent and the cases cited therein, but finds that the reliance on those cases is misplaced.

4

**CONCLUSION**

In light of the well-reasoned R & R of Magistrate Judge McHargh, which is adopted in full herein, and a review of the objections of the Respondent by this Court, those objections are overruled. Under 28 U.S.C. § 2254(d)(1) a state prisoner is entitled to a writ of habeas corpus if it is found that the state court's adjudication of his case resulted in a decision or decisions that were contrary to clearly established precedent of the United States Supreme Court. The Court finds that, based upon the well-reasoned, scholarly R & R of Magistrate Judge McHargh, Walls is entitled to a writ of habeas corpus under the standards required by Section 2254(d)(1). Therefore, this Court orders that such a writ issue forthwith.

IT IS SO ORDERED.

                  s/ *David A. Katz*
                  DAVID A. KATZ
                  SENIOR U. S. DISTRICT JUDGE